# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAM VANKHAM,<br><br>           Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | Case No.  1:13-cv-01791-SAB<br><br>ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL<br><br>(ECF Nos. 15, 16) |

## I.

## INTRODUCTION

Plaintiff Pam Vankham ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

Plaintiff suffers from asthma and depression.  For the reasons set forth below, Plaintiff's Social Security appeal shall be denied.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for supplemental security income on January 25,

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge.  (See ECF Nos. 8, 18.)

1

2010.  (AR 101.)  Plaintiff's application was initially denied on July 6, 2010, and denied upon reconsideration on December 15, 2010.  (AR 133-137, 143-147.)  Plaintiff requested and received a hearing before Administrative Law Judge Christopher Larsen ("the ALJ").  Plaintiff appeared for a hearing on March 29, 2012.  (AR 35-57.)  On April 13, 2012, the ALJ found that Plaintiff was not disabled.  (AR 14-26.)  The Appeals Council denied Plaintiff's request for review on August 13, 2013.  (AR 10-12.)

### A.    Relevant Hearing Testimony

Plaintiff appeared at a hearing on March 29, 2012 with counsel and testified with the aid of a Laotian interpreter.  (AR 37.)  Plaintiff was born on October 5, 1961.  (AR 39.)  Plaintiff lives with two of her adult children.  (AR 39, 43.)  Plaintiff attended school for two years in Laos and has never attended school in the United States.  (AR 40.)  Plaintiff does not speak any English.  (AR 41.)  Plaintiff can understand numbers, but does not read any English.  (AR 42.)  Plaintiff has not worked in the last fifteen years.  (AR 41.)

A vocational expert, Cheryl Chandler, testified at the hearing.  (AR 53-56.)  The ALJ presented a hypothetical of an individual with Plaintiff's age, education, work experience, and English speaking ability who must avoid exposure to fumes, odors, dusts, gasses and poor ventilation and has sufficient concentration to perform jobs categorized as SVP 1 in the DOT.  (AR 54.)  The VE clarified that the English speaking limitation meant that the individual was unable to speak English.  (AR 54.)  The VE identified jobs that did not require English language and have no exertional components.  (AR 54.)

Under food preparation, the VE identified a silverware wrapper, DOT 318.687-018,[2] unskilled, light, does not require English.  (AR 55.)  In California there would be 15,500 jobs available for someone who is non-English speaking.  (AR 55.)  In agriculture there would be a flower picker, DOT 405.687-010, light, with 3,600 jobs; and worm packer or worm picker, DOT 920.687-202, with 80,900 jobs in California.  (AR 55.)  English language skills would not be required for these agricultural jobs.  (AR 55.)

---

[2] The correct DOT for silverware wrapper is 318.6870018.  See DOT 318.687-018, 1991 WL 672757.

2

**B.     ALJ Findings**

The ALJ found that Plaintiff has not engaged in substantial gainful activity since January 25, 2010. (AR 20.) Plaintiff has the following severe impairments: asthma and depression. (AR 20.) Plaintiff does not have an impairment or combination of impairments that meets or exceeds the medical severity of one of the listed impairments. (AR 20.) Plaintiff has the residual functional capacity to work at all exertional levels, but can only perform occupations categorized as specific vocational preparation level ("SVP") 1 in the Dictionary of Occupational Titles ("DOT"). (AR 21.) Plaintiff must also avoid concentrated exposure to fumes, dusts, odors, gasses, and poor ventilation. (AR 21.)

Plaintiff has no past relevant work. (AR 25.) Plaintiff was 48 years old when applying for supplemental security income and her age category subsequently changed to "closely approaching advanced age." (AR 25.) Plaintiff cannot communicate in English and is a person illiterate in English. (AR 25.) Plaintiff's age, education, work experience, and residual functional capacity allow her to perform jobs that exist in significant numbers in the national economy. (AR 25.) Plaintiff has not been under a period of disability as defined in the Social Security Act since January 25, 2010. (AR 26.)

## III.

## LEGAL STANDARD

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In reviewing findings of fact in respect to the denial of benefits, this court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002) (quoting Flaten v. Sec'y of

Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006). However, it is not this Court's function to second guess the ALJ's conclusions and substitute the court's judgment for the ALJ's. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

## IV.

## DISCUSSION AND ANALYSIS

Plaintiff contends that the ALJ erred by failing to explain the deviation from the DOT due to Plaintiff's illiteracy in English. (Pl.'s Opening Brief 5-8, ECF No. 15.) Defendant counters that the ALJ reasonably relied on the testimony of the VE as there is no inconsistency because the VE only considered jobs that do not require English. (Def.'s Responsive Brief 4-6, ECF No. 16.)

In determining illiteracy, the Ninth Circuit has held "only literacy in English is considered, since literacy in other languages has little effect on the number of jobs in the national economy available to the claimant. 20 C.F.R. §§ 404.1564(b)(5), 416.964(b)(5). "Illiterate" therefore means illiterate in English. Chavez v. Dep't of Health and Human Services, 103 F.3d 849, 852 (9th Cir. 1996); see also Silveira v. Apfel, 204 F.3d 1257, 1261 (9th Cir. 2000) (illiteracy is the inability to read or write in English). In this instance, the ALJ found Plaintiff to be illiterate in English. (AR 25.) Plaintiff contends that this illiteracy is inconsistent with the DOT because the jobs identified require a language level of 1. (ECF No. 15 at 5-6.) Plaintiff argues this inconsistency with the DOT requires the VE to provide an explanation for the deviation. (Id. at 5.)

"While illiteracy or the inability to communicate in English may significantly limit an individual's vocational scope, the primary work functions in the bulk of unskilled work relate to working with things (rather than with data or people) and in these work functions at the unskilled

4

level, literacy or ability to communicate in English has the least significance." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(I)  "Thus, the functional capability for a full range of sedentary work represents sufficient numbers of jobs to indicate substantial vocational scope for those individuals age 18–44 even if they are illiterate or unable to communicate in English." Id.

The ALJ presented a hypothetical of an individual limited to SVP 1 jobs.  (AR 54.)  All the jobs identified by the VE require a language level of 1.  See DOT 318.687-018, 1991 WL 672757 (Silver Wrapper); DOT 405.687-010, 1991 WL 673329 (Flower Picker); DOT 920.687-202, 1991 WL 688010 (Worm Packer).  This is the lowest language development contemplated by the DOT.  2 Dictionary of Occupational Titles, App. C—Components of the Definition Trailer (4th Ed. 1991), see also Donahue v. Barnhardt, 279 F.3d 441, 445 (7th Cir. 2002) ("basic literacy [defined as a vocabulary of 2,500 words, the ability to read about 100 words a minute, and the ability to print simple sentences] is essential for *every job in the economy*") (emphasis in original).

In order for the ALJ to rely on a job description that fails to comport with the claimant's noted limitations, the ALJ must definitively explain how the deviation from the DOT will impact the claimant's ability to find and perform a job.  Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).  However, an ALJ may rely on VE testimony that contradicts the DOT, where the record contains "persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

Plaintiff argues that as in Her v. Astrue, No. 1:09-cv-0945 SKO, 2010 WL 3238841 (E.D. Cal. Aug. 12, 2010), the ALJ erred by relying on the VE's testimony and this action should be reversed.  However, the Court finds Her to be distinguishable.  In Her, as in Pinto, the ALJ asked the VE to consider the claimant's language.  Her, 2010 WL 3238841, at *6.  The VE testified that the claimant was able to perform identified jobs which were consistent with the DOT without definitively addressing the claimant's illiteracy in English.  Id.  Neither the ALJ nor the VE explained how the claimant's illiteracy would affect her ability to perform the identified work.  Id.

In this instance, the VE testified that the jobs identified did not require English.  (AR 54,

55.) The VE's testimony that an individual did not need English for these specified jobs does explain the deviation from the DOT.

Further, although Plaintiff argues that the VE was not instructed to assume the individual could not read or write in English, the record shows that the VE was present during Plaintiff's testimony that she could not understand, write, or speak in English. The VE testified that there were "SVP 1 jobs that do not require language. . . ." (AR 54.) The VE provided a definitive explanation of how Plaintiff's illiteracy in English would affect the ability to find and perform work by identifying only jobs which did not require literacy in English.

The ALJ did not err by relying on the testimony of the VE in finding that jobs exist in significant numbers in the national economy that Plaintiff would be able to perform.

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ did not err in relying on the testimony of the VE in determining that jobs exist in significant numbers in the national economy that Plaintiff would be able to perform. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's appeal from the decision of the Commissioner of Social Security is DENIED. It is FURTHER ORDERED that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff Pam Vankham. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **December 30, 2014**

UNITED STATES MAGISTRATE JUDGE